UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Jayne Holland
2738 North Downer Avenue
Milwaukee, WI 53211,
    Plaintiff,

v.                                  Case No.

Concentra Solutions, Inc.
5080 Spectrum Drive. Ste 1200
Addison, Texas 75001,
    Defendant.

**COMPLAINT**

Jayne Holland, by her attorneys Sandra G. Radtke of Gillick Wicht Gillick & Graf, S.C. and Rebecca Salawdeh of Salawdeh Law Offices, LLC alleges as follows:

**NATURE OF ACTION**

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by Americans with Disabilities Act.

**JURISDICTION**

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

1

3. Venue in this Court is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000E-5(f)(3), and 28 U.S.C §1391, because the employment practices involved in this dispute occurred in Brookfield, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin.

## ADMINISTRATIVE PROCEEDINGS

4. Holland has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the Americans with Disabilities Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. has been performed or have otherwise occurred.

5. In particular, Holland filed a charge of discrimination with the Equal Employment Opportunity Commission on April 24, 2009 and within 300 days of the action complained of. Holland received her right to sue notice from the Equal Employment Opportunity Commission dated March 22, 2011. This lawsuit is timely filed within 90 days of that notice.

## PARTIES

6. Plaintiff Jayne Holland is an adult citizen, residing at 2738 N. Downer Ave, Milwaukee, WI 53211.

7. The Defendant, Concentra Solutions, Inc. ("Defendant"), is a company which does business in Waukesha County, Wisconsin, and which has a facility in Brookfield, Wisconsin, at which Plaintiff was employed.

8. At all relevant times Plaintiff was a "qualified employee" as defined by 42 USC §12111(8) of the ADA. This is because she had been performing all of the essential functions of her job for more than two years prior to her medical leave and with the reasonable accommodation of an additional brief medical leave beyond FMLA, could have continued to perform all such functions.

9. The Defendant Concentra was a "covered" employer as defined in 42 USC § 12111(5)(A) of the ADA at all relevant times. This is because Defendant operated in the healthcare field in forty states, which affected commerce, and because it had over 500 employees working for it at all times from 2007 to the present.

**STATEMENT OF CLAIMS**

10. From August 21, 2006 until January 18, 2009, Holland was employed as an Account Manager for Defendant.

11. Ms. Holland's job duties included, but were not limited to, sales and maintaining customer relationships, as well as some risk management duties.

12. On or about October 13, 2008, Ms. Holland had a biopsy performed.

13. On October 16, 2008, as a result of the biopsy, Ms. Holland learned that she had endometrioid adenocarcinoma, or uterine cancer.

14. Ms. Holland was told she needed immediate surgery for her cancer.

15. Ms. Holland requested, and was granted, time off of work under the Family and Medical Leave Act to receive medical care for her cancer.

3

16. On or about November 4, 2008, Ms. Holland had a total abdominal hysterectomy with bilateral salpingo-oophorectomy and pelvic lymph node dissection.

17. There were some complications following Ms. Holland's surgery wherein stitches and tissue were torn, she had internal bleeding, and a sepsis infection. These complications resulted in a delay of beginning radiation therapy for her cancer.

18. Ms. Holland received radiation therapy for her cancer through January 27, 2009. The radiation therapy had negative side effects, including, but not limited to, interfering with normal bladder and bowel functioning and causing fatigue.

19. In its active state, Holland's physiological condition, uterine cancer, is a disability as defined by the Americans with Disabilities Amendments Act of 2008, because it would substantially limit her in various major life activities, including her normal cell functioning. In its untreated and active state, Holland's cancer would result in explosive and uncontrolled cell growth, leading to its spreading to other parts of her body and causing bleeding, sickness, pain and death.

20. The Americans with Disabilities Amendments Act of 2008 applies to this claim of wrongful termination because the termination took place in 2009. Under that law, the disability must be assessed in its active state, not in remission, and without regard to mitigating measures like Holland's medical treatments.

21. Ms. Holland was referred to and participated in nutritional and physical therapy through January, 2009 to deal with her pain, muscle strength, body mechanics, and other issues stemming from her surgery and radiation treatments.

22. On or about January 14, 2009 Ms. Holland met with her doctor. The doctor discussed her progress with her and it was recommended that she would require an additional 3 weeks to complete her treatments and to heal properly.

23. On or about January 14, 2009 Ms. Holland faxed medical documentation to Defendant's Human Resources office, as well as her short term and long term disability carriers, requesting the reasonable accommodation of an additional three weeks off of work. The medical documentation stated that Ms. Holland was "receiving daily radiation therapy." It further stated that the side effects included, "diarrhea, urinary symptoms, and fatigue." The medical documentation stated that it was anticipated that Ms. Holland would be able to return to work on February 16th, 2009.

24. Shortly after faxing this medical documentation, Jennie Petkowa, from Defendant's Human Resources office, called Ms. Holland and advised her that as she was unable to return to work at the end of her twelve weeks of leave, the Defendant's policy was to assume that she had automatically resigned her position.

25. Ms. Holland responded to Ms. Petkowa, asking to be able to stay employed and asked if she could work part time or work from home until she could return full time. Ms. Petkowa stated that these were not options.

26. Kathryn Steele, Ms. Holland's Manager, also called Ms. Holland that day and informed her that she had learned that Ms. Holland was no longer employed by Defendant.

5

27. Ms. Holland had no intention of resigning or quitting her employment in January, 2009. She was too ill after her cancer treatments to return to work in January, 2009.

28. Defendant refused to participate in any interactive dialogue with Ms. Holland as to potential accommodations that could be made.

29. Because she did not return from her medical leave, on or about January 18, 2009, Defendant terminated Ms. Holland.

30. Upon information and belief, the Defendant has provided leaves of absences for other employees.

31. The Defendant advised the administrator of its COBRA benefits that the reason for her termination was "Failure to return from LOA", thus making her ineligible for the COBRA subsidy.

## CAUSE OF ACTION

32. Plaintiff realleges and incorporates paragraphs 1- 31 of this Complaint by reference.

33. Plaintiff's had a disability as defined by the ADA, cancer, at the time she was terminated from employment.

34. Plaintiff's history of cancer and its treatment constitute a "record of disability" as defined by the ADA.

35. Plaintiff would have been able to continue performing her job if her cancer had been reasonably accommodated by affording her additional time off work to

6

recuperate from her surgery and radiation treatments.

36. Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by refusing to accommodate her disability and terminating her, despite knowing that the ADA required such accommodations.

37. The Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and inconvenience.

## **CLAIM FOR RELIEF**

Wherefore, Plaintiff seeks the following relief:

a. A declaration that her rights under the ADA were violated;

b. Any actual monetary losses sustained by the Plaintiff as a direct result of the violations;

c. The interest on the amount described in items listed above, calculated at the prevailing rate;

d. Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

e. Reinstatement with seniority and any promotional opportunities she would have had but for the discriminatory conduct;

f. An Order prohibiting the Defendant from any further prohibited discrimination against her;

g. Compensatory damages against the Defendant because of the past and future physical and mental pain and distress and inconvenience caused by its discriminatory actions;

h. Punitive damages because the Defendants acted with malice and reckless indifference of his rights;

i. Attorney fees, litigation expenses and costs incurred in obtaining relief and pursuing this action;

j. Post judgment interest; and

k. Any other relief the court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated: April _____, 2011.

_____/s/_____
Gillick Wicht Gillick & Graf, S.C.
Sandra G. Radtke
State Bar No. 1010227
6300 W. Bluemound Rd.
Milwaukee, WI 53213
414-257-2667
414-257-9297 (FAX)
sradtke@gillickwicht.com

_____/s/_____
Salawdeh Law Office, LLC
Rebecca Salawdeh
State Bar No.1067066
7119 West North Avenue
Wauwatosa, WI 53213
414-455-0117
414-918-4517 (FAX)
rebecca@salawdehlaw.com